IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:24-cv-943

| | |
|---|---|
| CIVIL RIGHTS CORPS,<br><br>               Plaintiff,<br><br>v.<br><br>JUDGE DORETTA L. WALKER, in her official capacity, and CLARENCE F. BIRKHEAD, in his official capacity,<br><br>               Defendants. | Case No.: 1:24-cv-943 |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR HEARING

Plaintiff Civil Rights Corps respectfully moves for a preliminary injunction to enjoin Defendant Sheriff Clarence F. Birkhead from violating its First Amendment right to access dependency court proceedings. Defendant Birkhead should be enjoined from closing dependency proceedings to the public unless the judge makes case-specific, on-the-record findings, reviewable by a higher court, that (1) closure is essential to serve a compelling government interest that outweighs the benefits of public access; and (2) closure is narrowly tailored to serve that interest, and there are no less restrictive alternatives to complete closure.

This Court holds the authority to issue an injunction against Defendant Sheriff Birkhead to protect Civil Rights Corps's First Amendment right of access to state court proceedings. Federal courts may enjoin—and previous courts have enjoined—enforcement actors such as the Sheriff from enforcing unconstitutional judicial orders. *See,*

1

*e.g.*, *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 994 (6th Cir. 2019) ("plaintiffs can sue the sheriff" to preliminarily enjoin enforcement of unconstitutional state judicial orders issued without notice, opportunity to be heard, or necessary findings regarding compelling governmental interest or reasonable alternatives).

This Court should issue a preliminary injunction in this instance because Civil Rights Corps is likely to prevail on the merits of its claim that the First Amendment provides a presumptive, qualified right of access to dependency court proceedings. The First Amendment protects access to courtrooms where (a) there is a historical tradition of public access and (b) access will significantly improve the functioning of the court. *Courthouse News Serv. v. Schaeffer*, 2 F.4th 318, 326 (4th Cir. 2021). Both prongs of the test are met here. First, early child neglect and abuse proceedings were presumptively open both in England and the United States, as were the first specialized juvenile dependency courts established in the early 20th century. Second, as with almost all civil and criminal proceedings, public access affords overwhelming benefits to the courts' functioning.

Civil Rights Corps is suffering irreparable injury from the violation of its First Amendment rights, which impedes Civil Rights Corps' organizational mission to protect the constitutional rights of children and families. The balance of equities favors injunctive relief because there is no evidence that Defendants, or children and families, will be harmed by requiring compliance with the Constitution. To the contrary, a preliminary injunction will serve the public interest because, as experience demonstrates, a presumptive right of access accrues numerous, tangible benefits to impacted families, children, and the judicial system itself, while the continued denial of access harms children in the system and stymies

efforts to improve the operation of dependency courts.

Pursuant to Civil Local Rule 65.1(b), Plaintiff respectfully requests a hearing to present oral argument on its motion.

This motion is made pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. It is based upon this motion; the brief in support of the motion; the proposed order; the declarations of Rohit Singla, Elizabeth Rossi, Erin Cloud, Alexa Richardson, Carson White, Sarah Wattar, David Tanenhaus, Bashirah McDaniel, Jatoia Potts, Jocelyn Simonson, Jay Blitzman, Jane Spinak, Joanna Woolman, and Shanta Trivedi and exhibits thereto filed in support of the motion; the pleadings and other papers on file in this action; and such further authorities, argument, and other matters as may be presented in connection with or at the hearing on this motion.

Dated: December 2, 2024					Respectfully submitted,

*/s/ Christopher J. Heaney*
Christopher J. Heaney (SBN 46095)
Law Office of Christopher J. Heaney
P.O. Box 25397
Raleigh, North Carolina 27611

*/s/ Rohit K. Singla*
Rohit K. Singla (*specially appearing*)
rohit.singla@mto.com
Shannon Aminirad (*specially appearing*)
shannon.aminirad@mto.com
Aditi N. Ghatlia (*specially appearing*)
aditi.ghatlia@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, California 94105-2907
(415) 512-4000

Ariella H. Park (*specially appearing*)
Ariella.Park@mto.com
Sarah M. Pfander (*specially appearing*)
Sarah.Pfander@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:24-cv-943

| | |
|---|---|
| CIVIL RIGHTS CORPS,<br><br>            Plaintiff,<br><br>v.<br><br>JUDGE DORETTA L. WALKER, in her official capacity; and CLARENCE F. BIRKHEAD, in his official capacity,<br><br>            Defendants. | Case No.: 1:24-cv-943 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the following: **Judge Doretta L. Walker**.

I hereby certify that I have mailed the document to the following non-CM/ECF participants: **Clarence F. Birkhead**, through his counsel as listed below:

    Christy A.H. Mallot (cmallot@dconc.gov)
    Curtis Massey (curtmassey@dconc.gov)
    Durham County Attorney's Office
    P.O. Box 3508
    Durham, North Carolina 27702
    Phone:  (919) 560-0715
    Fax:  (919) 560-0719

Dated: December 2, 2024　　　　　　　　　Respectfully submitted,

*/s/ Rohit K. Singla*

Rohit K. Singla (*specially appearing*)
rohit.singla@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, California 94105-2907
(415) 512-4000