# EXHIBIT 6

# South Carolina Law Review

Volume 22 | Issue 2                                                                                              Article 1

1970

## Juvenile Law, Before and After the Entrance of "Parens Patriae"

Neil H. Cogan
*University of Pennsylvania*

Follow this and additional works at: https://scholarcommons.sc.edu/sclr

 Part of the Law Commons

## Recommended Citation
Neil Howard Cogan, Juvenile Law, Before and After the Entrance of "Parens Patriae", 22 S. C. L. Rev. 147 (1970).

This Article is brought to you by the Law Reviews and Journals at Scholar Commons. It has been accepted for inclusion in South Carolina Law Review by an authorized editor of Scholar Commons. For more information, please contact digres@mailbox.sc.edu.

III. THE APPEARANCE OF "PARENS PATRIAE" IN INFANT CASES

*A. Falkland v. Bertie* [112]

The first mention of "parens patriae" ("pater patriae" in fact) in an infant case is in *Falkland v. Bertie*. A Mr. Carie had devised land in trust for Mrs. Willoughby for life if within three years after the testator's death she married Lord Guilford, and then to the eldest and other sons of Mrs. Willoughby by Lord Guilford in tail male, but if she did not marry Lord Guilford within three years, then to Lord Falkland for life, and then to his first and other sons in tail male. At the time of the testator's death, Mrs. Willoughby, Lord Guilford, and Lord Falkland were infants. Mrs. Willoughby proposed an antenuptial settlement to Lord Guilford's guardians. But agreement was never reached. More than three years after the testator's death, Lord Falkland brought a bill for an accounting. Mrs. Willoughby, who had married a Mr. Bertie after three years had passed, also brought a bill for an accounting. Mrs. Willoughby argued that since Lord Guilford's guardians had not acceded to her proposals as they should have, she had been unable to meet the condition to her taking the life estate.[113] Since chancery favored infants, it should have permitted Mrs. Willoughby to take her estate, failure to meet the condition notwithstanding. According to the report in 2 Vernon's Reports, Lord Somers answered the argument as follows:

> And as to the Plea of Infancy, it is true Infants are always favoured. In this Court there were several Things that belonged to the *King* as *Pater patriae*, and fell under the Care and Direction of this Court, as Charities, Infants, Idiots, Lunaticks, &c. afterwards such of them as were of Profit and Advantage to the King were removed to the *Court of Wards*[114] by the Statute; but upon the Dissolution of that Court, came back again to the Chancery, where the Interests of Infants is so far regarded and taken Care of, that no Decree shall be made against an Infant, without having

---

112. 2 Vern. 333, 23 Eng. Rep. 814 (Ch. 1696); also reported *sub nom.* Bertie (Berty) v. Fa(u)lkland, 3 Ch. Ca. 129, 22 Eng. Rep. 1008 (Ch. 1698), 2 Freem. 220, 22 Eng. Rep. 1171 (Ch. 1697), 1 Eq.Ca.Ab. 110, 21 Eng. Rep. 917 (Ch. 1696-1698), 12 Mod. 182, 88 Eng. Rep. 1248 (Ch. 1697), 1 Salk. 231, 91 Eng. Rep. 205 (Ch. 1696-1698); *rev'd* Colles 10, 1 Eng. Rep. 155 (H.L. 1697-1698.
113. There is also some hint that Lord Guilford's guardians made unreasonable counter-proposals.
114. *See* note 28 *supra*.