# EXHIBIT 10

# A TREATISE

ON THE

# LAW RELATING

TO THE

# CUSTODY OF INFANTS,

INCLUDING

# PRACTICE AND FORMS,

BY

LEWIS HOCHHEIMER,

OF THE BALTIMORE BAR.

SECOND EDITION.

BALTIMORE:
HAROLD B. SCRIMGER,
1891.

00943-LAF-JGM Document 14-10 Filed 12/02/24

## CHAPTER II.

### CHANCERY JURISDICTION IN MATTERS OF CUSTODY.

§ 23. **General Nature of Jurisdiction.**—Courts of chancery, from the earliest times, have exercised a jurisdiction in the matter of the custody of infants, that, by reason of the peculiar *constitution* of these courts, has operated as a far more liberal and efficacious remedy than the courts of common law, at least according to the English doctrine, could afford. Strictly speaking, the *principles* that underlie the action of the two classes of tribunals are the same;[1] but this has not always been kept clearly in view in the English cases.[2]

The jurisdiction of courts of chancery over the person and property of infants has a just and rightful foundation in the prerogative, or power, of the crown, or government, flowing from its general power and duty as *parens patriæ*, to protect those who have no other lawful protector. It has been well said, that, in every civilized state, such a superintendence and protective power does somewhere exist. If it is not found to exist elsewhere, it seems to be a just inference, from the known prerogatives of the sovereign, as *parens patriæ*, in

[1] In re Moore, 11 Ir. C. L. N. S. 1, 19.

[2] De Manneville *v.* De Manneville, 10 Ves. 52; R. *v.* De Manneville, 5 E. 221; Exp. Skinner, 9 J. B. Moore, 278; Exp. McClellan, 1 Dowl. P. C. 81; In re Hakewill, 12 C. B. 223.



-00943-LAF-JGM Document 14-10 Filed 12/02/24

§ 24. **What Necessary for Jurisdiction to Attach.**—The jurisdiction in such cases is ample, effectual and far-reaching. By the very fact of the institution of a proceeding affecting the person or property of an infant the court acquires jurisdiction, and the infant, whether plaintiff or defendant, immediately becomes a ward of the court, and, as such, falls under its special cognizance and protection,[1] and no act can be done, affecting the person, property or state of such infant, except under the express or implied direction of the court itself.[2] When the petition is once presented, on the part of an infant, invoking the aid of chancery, the courts will do what is for the benefit of the infant, regardless of the prayer;[3] and, pending the trial of a cause affecting its custody, the child is, in legal contemplation, in the custody of the court and, at all times, subject to its order, from day to day.[4] When an application is made to a court of common law to deliver up a child to its guardian upon *habeas corpus*, if it ap-

---

286; Richards *v.* Collins, 45 N. J. Eq. 283: North Pacific Board *v.* Ah Won, 18 Oregon, 339, 345.

[1] Eyre *v.* Countess of Shaftsbury, 2 P. Wms. 102; Butler *v.* Freeman, Ambler, 301; Johnstone *v.* Beattie, 10 Cl. & F. 42, 84; Rivers *v.* Durr, 46 Ala. 418; Lee *v.* Lee, 55 Ib. 590; Helms *v.* Franciscus, 2 Bland, 544, 577; Jenkins *v.* Whyte, 62 Md. 427, 432; In re Van Houten, 3 N. J. Eq. 220; Cowls *v.* Cowls, 8 Ill. 435; Miner *v.* Miner, 11 Ib. 43; Lloyd *v.* Kirkwood, 112 Ib. 329.

[2] 2 Story Eq. Jur. § 1353; Butler *v.* Freeman, Ambler, 301; Johnstone *v.* Beattie, 10 Cl. & F. 42, 84; Stuart *v.* Marquis of Bute, 9 H. L. Cas. 440; In re Gills, 27 L. R. Ir. 129; Hutson v. Townsend, 6 Rich. Eq. 249; Joab *v.* Sheets, 99 Ind. 328.

[3] De Manneville *v.* De Manneville, 10 Ves. 52, 59.

[4] Joab *v.* Sheets, 99 Ind. 328.

-00943-LAF-JGM Document 14-10 Filed 12/02/24

pear, that there are proceedings in chancery, the court will decline to entertain the suit,[1] and the chancery court may even restrain the guardian from proceeding at law by *habeas corpus*.[2]

As a general rule, courts of chancery do not interfere with the guardianship of infants, except where there is property to act upon,[3] not from any want of jurisdiction, but from want of means to exercise it.[4] There is, however, no inflexible rule upon the subject.[5] The courts of chancery have repeatedly taken action, having in view the protection of the person and property of infants, upon a simple petition presented for that purpose. In the case of *Eyre v. Countess of Shaftsbury*,[6] Ld. Ch. Macclesfield said, "This court may, upon petition only, without any bill or decree, make an order to determine the right of guardianship, in regard the care of all infants is lodged in the king as *pater patriæ*, and by the king this care is delegated to his court of chancery." In the case of *Aymar v. Roff*,[7] decided by Chancellor Kent, where a man was married to an infant under twelve years of

---

[1] Wellesley *v.* Wellesley, 2 Bligh N. S. 124, 142. Cf. In re De Angelis, 1 Edm. Sel. Cas. 476; S. C., 1 Code R. N. S. 349; In re Delano, 37 Mo. App. 185.

[2] Wellesley *v.* Duke of Beaufort, 2 Russ. 1, 8; Warde *v.* Warde, 2 Phil. Ch. 786, 792; Ellis *v.* Jessup, 11 Bush, 403.

[3] 2 Story Eq. Jur. § 1351, n. 4.

[4] Wellesley *v.* Duke of Beaufort, 2 Russ. 1, 21.

[5] In re Spence, 2 Phil. Ch. 247, 252.

[6] 2 P. Wms. 102, 118. Cf. Exp. Warner, 4 Bro. C. C. 101; Creuze *v.* Hunter, 2 Cox Ch. Cas. 241; In re McCullochs, 1 Dru. 276; Corrie's Case, 2 Bland, 488; Cowls *v.* Cowls, 8 Ill. 435; Disbrow *v.* Henshaw, 8 Cow. 349, 356.

[7] 3 Johns. Ch. 49.

00943-LAF-JGM Document 14-10 Filed 12/02/24