# EXHIBIT 12

Newspapers by ancestry
https://www.newspapers.com/image/829931838/



# THE REFORM SCHOOL.

## Decision of the Supreme Court.

### Children Not Convicted of Crime Cannot be Legally Held.

A few days ago the telegraph announced, among other proceedings of the Supreme Court of this State, that one Daniel O'Connell, a lad confined in the Reform School, was ordered to be discharged, under a writ of *habeas corpus*, sued out during the session of the court held in Chicago. The proceeding and its result has a far greater significance than the mere discharge of this lad from confinement. It at least affords a complete answer to the following question of the Superintendent of the institution in the last report of the Reform School Guardians:

Can there be anything illegal in depriving an incompetent parent of the power of educating his son in crime, and placing that son, even against his own will, where he will be educated, cared for, and made a useful member of society? No law, either human or divine, can be so construed.

That it might be answered by proper officers, a certain parent, who had an interest in his son, submitted it to the tribunal qualified to respond and state the law.

Years ago, the Hon. John M. Wilson, presiding in the Supreme Court, decided somewhat after the same fashion. A child of eight years, being brought before him to be transmitted to the custody of the Reform School, he investigated the case, and then announced two propositions: Firstly, That if the child had been absolutely guilty of a felony, he could not under the common law be punished, by reason of his want of age and knowledge; and, secondly, That as the case showed no crime, he would not be a party to confining him for thirteen years at involuntary servitude, a term longer than a jury would ordinarily give a hardened criminal for burglary. In that decision, the honorable Judge stated: "It is not for every peccadillo that an infant is to be torn from its parents, to be given over to the custody of persons who have small interests to serve save the receipt of large salaries, to be warranted by the sums received and paid into the City Treasury from the child's labor."

The parents of the children sent to the Reform School are not infrequently poor; they avoid law because of its cost, and are compelled to suffer the deprivation and loss of their little ones because, perhaps, in their ignorance, they suppose the thing that is is right; but, occasionally, another sort of case arises. One such went before Judge McAllister, then of the Recorder's Court. He decided:

*Firstly.* That the Reform School is, in fact and in law, a place of involuntary confinement, and thus a prison.

*Secondly.* That, being a prison, it is also a place of enforced servitude.

*Thirdly.* That, being such, the act of confining boys therein, the boys not having been charged with, indicted for, and convicted of, crime, is unlawful.

In future cases arising under a like state of fact, the Reform School folks, when a writ was served upon them, generally discharged the child, and thus saved valuable time of the people. But a new decision came. A cause was heard before Judge Rogers, of the Circuit Court. By some oversight, probably, Judge Rogers got the idea that the law had been amended so as to change the facts from those which existed in the case decided upon by his predecessor. He held the school not to be a prison, and at every point overruled Judge McAllister.

The case of O'Connell was then brought into the Supreme Court, and this case it is, which, having been argued upon manuscript briefs, has been decided, by the discharge of the prisoner, thereby sustaining the opinion of Judge McAllister as above stated.

The case was fairly presented, upon the unconstitutionality of the Reform School laws, so far as they apply to children not convicted of crime, and no other question was seriously presented to the court. It was shown for relator that the Reform School is, under the law, a place for the safe-keeping and employment of children, to which juvenile convicts are intended to be sent, but to which, also, children "destitute of proper parental care and growing up in mendicancy, ignorance, or vice," may be transmitted. In the institution, under the law, he is governed, placed under strict discipline, subjected to vigilant supervision, made to labor, and submitted to the alien custody of the Superintendent or prison keeper; beyond all, he is so kept under the direction of a Board of Governors, until, in the discretion of its members, it is decided that he is reformed or until he is bound out to labor or attains the age of 21 years. No other power but that of the guardian, save that of the courts, on *habeas corpus*, could release, for even an executive pardon will not meet the case, for no pardon can be awarded for a crime not committed.

The earnings of the child, by the law, are accounted for to the City Treasury. If there is a leaving of the institution without permission, the law denominates it an "escape," returns the child, and punishes the parent or friend who [illegible]its as in the case of penitentiary birds. It [illegible] shown that the process, under the law, was also [illegible] magistrate sends the is that [illegible] a warrant captured juvenile, with [illegible] of arrest, and list of witnesses, to some Judge of some court of record, this, too, even in vacation, whereupon the Judge is to issue a summons to the child's parent or guardian, if he have such in the city, or to the person with whom he lived, or to somebody who should by the Judge be appointed to act for him, requiring whatever person was summoned to appear before such Judge, at a time and place to be stated, and show cause why the boy should not be committed. A hearing is then to be had upon such testimony as may be produced, and, if the Judge shall be of opinion that the boy is a proper subject, etc., then he goes to serve the undefined term, perhaps until he attains his majority, or perhaps until he is farmed out at least for a term which cannot exceed fifteen years, if, at the end of fifteen years, the child that was knows his age and his rights, and claims his emancipation.

Upon this basis, it was argued for relator that imprisonment without conviction of crime violates the constitution, in that it is a deprivation of liberty without due process of law, with no trial by jury, and because the penalty is not proportioned to any offence, and, on the matter of process of law, that the proceeding as stated amounts only to the conduct of a private correspondence between a Judge acting as a commissioner, some Justice of the Peace, and somebody who may be a parent or not, and that this is no due process of law.

The argument is sustained by the result.

Copyright © 2024 Newspapers.com. All Rights Reserved.