# EXHIBIT 13

# JUVENILE COURT LAWS

OF THE

# UNITED STATES

## Topical and State by State Summaries of Their Main Provisions

SECOND EDITION

GILBERT COSULICH

NATIONAL PROBATION ASSOCIATION

NEW YORK CITY

1939

Generated at University of Nevada - Las Vegas on 2024-10-30 22:22 GMT / https://hdl.handle.net/2027/mdp.39015013288546
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google

Original from UNIVERSITY OF MICHIGAN

cases of children committed to the Whitaker State Orphan Home), Pennsylvania (Allegheny county), South Carolina (Charleston county), Utah, Vermont, Virginia, West Virginia (required for dependent and neglected children committed to State Board of Children's Guardians), and Wyoming (no juvenile court law). Physical examinations are authorized in Georgia, Kentucky (if parents consent) and South Dakota. The Connecticut law requires physical and mental examinations of children under six to be committed to the State Bureau of Child Welfare. In Delaware (Kent and Sussex counties), in all cases before final disposition there must be "a social and psychological study of the child, and in more serious cases a psychiatric study with the assistance of a mental hygiene clinic." In many other states the general purpose of the juvenile court laws—that the court may inquire into the condition of children—has been construed to authorize such examinations. In Minnesota health records of school children must be certified to the juvenile courts on request, and must be considered by the courts before final disposition of cases.

To obviate the necessity of "custodial care of mental incompetents in state, county and municipal institutions . . . by early observation and scientific determination prior to judicial commitment," the University of Oregon medical school is authorized by law to extend the benefits of its child guidance clinic to all counties of the state.

### 3. Privacy of Hearings

The laws of most states contain some provision for hearings of children's cases separately from those of adults and for the exclusion of the general public.

Hearings in chambers or in special rooms to be designated are provided for in Alabama, Arizona, Delaware, District of Columbia ("suitable quarters shall be provided"), Florida (Dade and Hillsborough counties), Georgia, Hawaii, Illinois, Indiana, Kentucky, Louisiana (Caddo parish), Massachusetts, Michigan, Minnesota (counties over 40,000), Missouri, Montana, Nebraska, New Jersey, North Dakota, Utah and Virginia. Hearings must be separate from trials of adults in Arizona, Califor-

Generated at University of Nevada - Las Vegas on 2024-10-30 22:22 GMT / https://hdl.handle.net/2027/mdp.39015013288546
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google
Digitized by Google Original from UNIVERSITY OF MICHIGAN
Case 1:24-cv-00943-LAF-JGM Document 14-13 Filed 12/02/24 Page 3 of

nia, District of Columbia, Florida (Dade and Hillsborough counties), Hawaii, Louisiana, New York, Oregon, Pennsylvania, Rhode Island, South Carolina (Charleston county, except where adults and children are involved in the same case; and Spartanburg county), Tennessee and Washington. Such hearings may be held separately from adult trials in the District of Columbia. They must not be held in the criminal court room in Connecticut, Massachusetts, New Hampshire, New York, Ohio and Utah. They may be held at the courthouse or the detention home in Denver; and at such times and places as the judge may designate in Iowa, Mississippi, North Carolina, Puerto Rico, Utah and Wisconsin; in other places than the courthouse in Hillsborough county, Florida; in any place in the county in New York. Cuyahoga and Hamilton counties, Ohio (Cleveland and Cincinnati), and Marion county, Indiana (Indianapolis) also are authorized to provide quarters outside the courthouse.

The general public must be excluded in Connecticut, District of Columbia, Minnesota, Maryland (magistrates for juvenile causes), Pennsylvania (Allegheny county), Virginia, and Wisconsin (unless the judge orders otherwise), and may be excluded in Alabama, California, Delaware ("so far as may be done lawfully"), Florida (Dade and Hillsborough counties), Georgia, Hawaii, Indiana, Iowa, Kentucky, Maine, Massachusetts, Michigan, Mississippi, Montana, New Jersey, New Mexico, New York, North Carolina, North Dakota, Puerto Rico (unless public hearing is demanded), Rhode Island, South Carolina (Charleston and Spartanburg counties), Tennessee (Carter county), Utah and Washington. Massachusetts and New Hampshire provide that minors shall be excluded except when their presence is necessary.

In New York City and in South Carolina (Charleston county), so far as possible a waiting room with a competent person in charge must be provided for the care of children brought to court by petitioners. Unless directed by the court, children must not be permitted in the court room, except in New York City when the proceedings are in relation to a delinquent child, or in Charleston county in relation to any child. In New York City children alleged to be neglected, physically

Generated at University of Nevada - Las Vegas on 2024-10-30 22:22 GMT / https://hdl.handle.net/2027/mdp.39015013288546
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google
Digitized by Google Original from UNIVERSITY OF MICHIGAN
Case 1:24-cv-00943-LAF-JGM Document 14-13 Filed 12/02/24 Page 4 of

handicapped children, and children required as witnesses, may be brought into the court room by direction of the justice presiding.

## 4. Conduct of Hearings

A majority of the laws make it clear that the court is not to be bound by technical rules of procedure. Alabama provides for chancery procedure and that the hearing shall be conducted "so as to disarm the fears of the child and to win its respect and confidence." Equity procedure is prescribed in Iowa and Utah.

Hearings in an "informal manner" are provided for in Delaware, District of Columbia, Maryland (magistrates for juvenile causes), Ohio, South Dakota and Virginia; in a "summary manner" in California, Kansas, Kentucky, Minnesota, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, Oregon, Tennessee and Vermont.

The hearing is to be conducted "without regard to technicalities of procedure or the rules of evidence" in Maryland (circuit courts) and the court may conduct the hearing in the same manner as cases of minors brought before the court by habeas corpus. In Rhode Island the court "need not be bound by the technical rules of evidence"; in Rhode Island and Utah the court may adopt any form of procedure which is deemed best suited to the purpose. In South Dakota the hearing is to be conducted "under such rules as the court may prescribe"; in the New York county children's courts, "as provided by law or by rules of court," and "inconsistent rules of criminal procedure" are not applicable. In Connecticut the court "need not be bound by the technical rules of evidence in receiving or admitting testimony."

In Minnesota, the child has the right to appear and be represented by counsel at all hearings. In New Mexico, under a statute passed in 1937, a juvenile court attorney is authorized for each judicial district. This officer is to represent the district in all matters relating to delinquent, dependent, and neglected children and to persons who contribute to such delinquency, dependency, or neglect; in truancy cases; and in all

Generated at University of Nevada - Las Vegas on 2024-10-30 22:22 GMT / https://hdl.handle.net/2027/mdp.39015013288546
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google
Digitized by Google Original from UNIVERSITY OF MICHIGAN