IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:24-cv-00943

| | |
|---|---|
| CIVIL RIGHTS CORP., <br><br> Plaintiff, <br><br> v. <br><br> JUDGE DORETTA L. WALKER, in her official capacity, and CLARENCE F. BIRKHEAD, in his official capacity, <br><br> Defendants. | **MOTION TO INTERVENE** |

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and LR 7.3, the North Carolina Administrative Office of the Courts on behalf of its Office of Guardian ad Litem Services (collectively, the "GAL Program") moves to intervene in this case as an additional Defendant. In support of this motion, the GAL Program shows the Court the following:

1. This motion is timely as the Complaint was filed two months ago, on November 13, 2024 (D.E. 1); no substantive responses have yet been filed by any Defendant; and the deadlines for Defendants to respond to the Motion for Preliminary Injunction and the Complaint have not yet expired.

2. The Office of Guardian ad Litem Services is a division of the North Carolina Administrative Office of the Courts. *See* N.C. Gen. Stat. § 7B-1200. Its mission is to protect the legal rights and best interests of "abused, neglected, or dependent juveniles involved in" North Carolina state court "judicial proceedings and to assure that all participants in these proceedings are adequately trained to carry out their responsibilities."

*Id.* This mission is accomplished through the appointment of a trained guardian ad litem ("GAL"), a GAL attorney advocate, and GAL staff, who work together to fulfill the GAL Program's statutory duties. *See* N.C. Gen. Stat. §§ 7B-601, -1108.

3. As the Supreme Court of North Carolina has recognized, the duties of the individual GAL and the GAL attorney advocate "are the duties of the GAL Program" as a whole. *In re J.H.K.*, 365 N.C. 171, 175, 711 S.E.2d 118, 120 (2011). The ultimate duty of the GAL Program is "to protect and promote the best interests of the juvenile." N.C. Gen. Stat. § 7B-601(a). In accordance with the North Carolina Juvenile Code, the GAL Program uses trained, volunteer GALs, who are a part of local GAL programs, *see id.* § 7B-1200, and who are "appoint[ed]" by the state court "to represent the juvenile" "[w]hen in a petition a juvenile is alleged to be abused or neglected" or "[w]hen a juvenile is alleged to be dependent," *id.* § 7B-601(a). GAL attorney advocates protect "the juvenile's legal rights throughout the proceeding." *Id.*

4. Absent a court order or statutory authorization, the GAL Program (including its individual GALs) is required to keep information concerning the relevant juvenile confidential. *See id.* § 7B-601(c).

5. Further, the North Carolina General Assembly has recognized that juveniles' best interests are served by keeping the social services records and court records related to abuse, neglect, and dependency proceedings (collectively, "A/N/D Proceedings") confidential. A/N/D Proceedings are unlike most court proceedings due to their inclusion of sensitive and embarrassing information about vulnerable children who are brought into

the cases through no fault of their own and for whom the public disclosure of this information will likely exacerbate their trauma.

6. While the court records themselves are confidential, court hearings in A/N/D Proceedings are presumptively open to the public. *See id*. § 7B-801. The North Carolina General Assembly has recognized, however, that a juvenile's best interests may be served by closing the hearing to the public depending on the circumstances of the case and, thus, has provided a statutory mechanism for doing so. *Id*. This option to close court helps protect the juvenile from being retraumatized in the present or future through the disclosure of any sensitive or embarrassing information discussed at the hearing.

7. The GAL Program both honors and implements the General Assembly's policy directive that it may be in a juvenile's best interest to close a hearing in an A/N/D Proceeding. As a result, and consistent with the North Carolina General Statutes, GALs move to close hearings in A/N/D Proceedings when they deem it necessary to protect a juvenile's best interests.

8. In this case, the Complaint seeks declaratory and injunctive relief regarding the standards under which North Carolina district court judges can close hearings in A/N/D Proceedings and North Carolina sheriffs can enforce such orders. (*See* D.E. 1 at 34-35).

9. This action will directly and materially affect the GAL Program's ability to fulfill its statutory mandate to protect juveniles' best interests in A/N/D Proceedings by adjudicating issues related to when and how hearings in A/N/D Proceedings can be closed to the public.

10. The GAL Program is the government agency established by statute to defend the best interest of such juveniles—an interest that is directly impacted by the degree of confidentiality in A/N/D Proceedings. Neither Judge Walker nor Sheriff Birkhead has the statutorily mandated duty to advocate for the best interests of North Carolina's abused, neglected, and dependent juveniles. Only the GAL Program has that interest. Accordingly, neither existing Defendant can adequately represent the GAL Program's interest in this litigation. Only the GAL Program can.

11. The GAL Program satisfies the requirements to intervene as of right under Rule 24(a)(2) because the motion is timely; the GAL Program's interests may be impaired or impeded by the disposition of this case; and no existing party will adequately represent the GAL Program's interest. The GAL program is in the best position to explain the harms to the juveniles it represents that would be caused if courts' ability to close A/N/D Proceedings is improperly limited.

12. In the alternative, the GAL Program satisfies the requirements for permissive intervention under Rule 24(b) because this motion is timely; its defense to Plaintiff's claims shares questions of law and fact with the main action; the GAL Program is the government agency established by statute to protect the best interests of juveniles in A/N/D Proceedings; and intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

13. The undersigned sought the views of the existing parties regarding this motion. The current Defendants consent to intervention; Plaintiff indicated that it would take a position after reviewing the motion.

14. In accordance with LR 7.3(c), the basis for this Motion is further set forth in the accompanying brief.

**WHEREFORE**, the GAL Program respectfully requests that the Court grant this motion permitting it to intervene as a Defendant to defend against Plaintiff's claims for relief, respond to Plaintiff's Motion for Preliminary Injunction, and otherwise defend its interests in this case.

This the 13th day of January, 2025.

FOX ROTHSCHILD LLP

/s/ Kip D. Nelson
Kip D. Nelson
N.C. Bar No. 43848
knelson@foxrothschild.com
Sean T. Placey
N.C. Bar No. 56683
splacey@foxrothschild.com
230 N. Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5200

Nathan W. Wilson
N.C. Bar No. 58248
nwilson@foxrothschild.com
434 Fayetteville Street, Suite 2800
Raleigh, NC 27601
Telephone: (919) 755-8700

*Attorneys for Proposed Intervenor-Defendant*
