## STANDARD PRELIMINARY ORDER FOR ALL CIVIL MATTERS

To facilitate efficient disposition of motions and prompt resolution of disputes, the Court supplements and modifies the Local Rules as follows. It is ORDERED that:

1. The Court enforces the requirements of the Local Rules, as modified and supplemented herein. Spacing, margin, and font constraints are mandatory, as are word limits. Legal arguments require citation to legal authority; factual assertions unsupported by citation to specific evidence in the record will be disregarded; and a citation to a multi-page exhibit or to a pleading or brief must contain a pin cite to the specific page and, for exhibits or pleadings and where possible, the line or paragraph number containing the cited material. To the extent a party incorporates by reference arguments in other briefs, the word limit for the incorporating brief is correspondingly decreased.

2. The parties are reminded to e-mail all proposed orders to the appropriate Judge's email address as specified in the NCMD CM/ECF Administrative Policies and Procedures Manual.

3. Proposed stipulated protective orders should not include any riders, including agreements to be bound by the terms of the Order, as the Order speaks for itself.

4. The parties shall comply with L.R. 5.1. Absent a specific request from the Court, paper copies are not required for motions or briefs.

5. References to pleadings, briefs, exhibits, and other docketed materials shall reference the CM/EMF docket entry number and page number.

6. If a party has filed a document, a deposition, or other evidentiary material as an exhibit in support of or opposition to a motion, that exhibit should not be filed again absent a specific reason. The previously-filed exhibit can be referenced and incorporated by a description and its associated CM/EMF docket entry number.

7. The Court discourages motions to seal. Compliance with L.R. 5.4 and L.R. 5.5 is mandatory. A party seeking to file a document under seal, whether wholly or partially, has the burden to establish, both as to the facts and the law, why public access should be denied. Statements in briefs do not constitute evidence and are ordinarily insufficient to meet this burden. An affidavit from a knowledgeable witness explaining what is confidential and why is required. The Court will deny overly broad or unsupported motions with prejudice. *Patent cases are no exception.*

8. When filing a motion to seal, the filing party shall, in the unredacted filed under seal, highlight in yellow all of the information subject to the sealing motion for ease in identification.

9. If the parties, in their Joint Rule 26(f) Report, identify a chosen discovery track (standard, complex, exceptional) but request more time to complete discovery than L.R. 26.1 allots for that track, the Report must contain

specific justification for that additional requested time. Further, the parties shall
not request the exceptional discovery track without specific justification.