**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**Civil Action No. 1:24-cv-943**

| | |
|---|---|
| CIVIL RIGHTS CORPS,<br><br>          Plaintiff,<br><br>v.<br><br>JUDGE DORETTA L. WALKER, in her official capacity, and CLARENCE F. BIRKHEAD, in his official capacity,<br><br>          Defendants. | Case No.: 1:24-cv-943 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR INITIAL PRETRIAL CONFERENCE

This case is about fundamental First Amendment rights. Plaintiff is a civil rights law firm dedicated to addressing systemic injustice in the legal system through advocacy, policy reform, and litigation. For the past three years, Plaintiff has sought to understand the effects of dependency proceedings in the North Carolina court system on marginalized and underrepresented youth and families. But Defendants have repeatedly and blatantly denied Plaintiff, and often only Plaintiff, access to child dependency proceedings in Durham County state court. Plaintiff's civil rights lawyers have been required to leave proceedings when recognized, *even while other third parties were permitted to remain*. On other occasions, proceedings that have been open to the public have been deemed

1

suddenly confidential and closed when Plaintiff's civil rights lawyers have been recognized as present. These constitute blatant violations of Plaintiff's First Amendment presumptive right to access judicial proceedings—a right intended to benefit the public and check government power.

After a year of such denials, Plaintiff filed this complaint on November 13, 2024, and promptly moved for a preliminary injunction against the exclusion of its lawyers from dependency proceedings, absent particularized and narrowly tailored findings justifying closed proceedings. ECF Nos. 1, 12. Defendants filed various pleading motions on January 13, 2025 and February 13, 2025. ECF Nos. 43, 65, 67. On July 22, 2025, Plaintiff filed a motion requesting the Court schedule an initial pretrial conference over Defendants' objections. ECF Nos. 81, 82.

On October 30, 2025, Magistrate Judge Weber denied Plaintiff's Motion for an Initial Pretrial Conference "without prejudice, pending the Court's final decision on Defendants' motions to dismiss." ECF. No. 89 at 48.

On the same date, Judge Weber also issued an opinion recommending denial of Defendants' various Motions to Dismiss on all grounds. *Id.* at 2, 9. While the report and recommendation recognized "a reasonably high probability" of "future harm" to Plaintiff, it recommended denial of a preliminary injunction

based on a purported lack of evidence regarding the recent practice of access to dependency cases.  *Id.* at 22–23, 45–46. Objections to Judge Weber's report and recommendation were filed on December 4, 2025.  ECF Nos. 92, 93, 94, 95.

Now, an additional eight months have passed since Judge Weber's denial of Plaintiff's first Motion for an Initial Pretrial Conference, and the case has been reassigned to Judge Lindsey A. Freeman.  While there is, of course, a possibility that the Court will overrule Judge Weber's report and recommendation and grant Defendants' motions to dismiss, that likelihood seems lower than it did when Plaintiff filed its first Motion for an Initial Pretrial Conference, given the detailed and careful analysis of the pleading motions that Judge Weber provided in recommending their denial.  Accordingly, given that the corresponding likelihood that this case will be dismissed before discovery appears low, and that Plaintiff continues to suffer irreparable harm from the denial of its First Amendment rights, Plaintiff respectfully suggests that setting an initial pretrial conference so that discovery can soon begin is in the interests of justice.

An initial pretrial conference would also allow the Court to familiarize itself with this case, assess the status of the pending motions, and determine a path forward—whether that includes commencing targeted discovery or establishing a case

3

management schedule while the pending motions remain under submission.  Defendants continue to refuse to schedule a Rule 26(f) conference or participate in any negotiations about the opening of discovery.

For these reasons, Plaintiff respectfully requests that the Court grant this motion and schedule an initial pretrial conference at its earliest convenience.

4

Dated:  June 29, 2026          Respectfully submitted,


                               */s/ Christopher J. Heaney*
                               Christopher J. Heaney (SBN 46095)
                               Law Office of Christopher J. Heaney
                               P.O. Box 25397
                               Raleigh, North Carolina 27611


                               */s/ Rohit K. Singla*
                               Rohit K. Singla (*specially appearing*)
                               rohit.singla@mto.com
                               Shannon Aminirad (*specially appearing*)
                               shannon.aminirad@mto.com
                               Aditi N. Ghatlia (*specially appearing*)
                               aditi.ghatlia@mto.com
                               MUNGER, TOLLES & OLSON LLP
                               560 Mission Street
                               San Francisco, California 94105-2907
                               (415) 512-4000

                               Ariella H. Park (*specially appearing*)
                               Ariella.Park@mto.com
                               Sean St. Charles (*specially appearing*)
                               Sean.Stcharles@mto.com
                               MUNGER, TOLLES & OLSON LLP
                               350 South Grand Avenue, 50th Floor
                               Los Angeles, California 90071-3426
                               Telephone: (213) 683-9100
                               Facsimile: (213) 687-3702

                               *Attorneys for Plaintiff Civil Rights
                               Corps*

**CERTIFICATE OF WORD COUNT**

Pursuant to Civil Local Rule 7.3(d), I hereby certify that the text of this brief contains 600 words, including headings and footnotes.  In making this certification, I have relied on the word count of Microsoft Word, used to prepare the brief.

Dated: June 29, 2026          Respectfully submitted,

*/s/ Rohit K. Singla*
Rohit K. Singla (*specially appearing*)
rohit.singla@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, California 94105-2907
(415) 512-4000

6

CIVIL RIGHTS CORPS,

        Plaintiff,

v.

JUDGE DORETTA L. WALKER, in her official capacity; and CLARENCE F. BIRKHEAD, in his official capacity,

        Defendants.

Case No.: 1:24-cv-943

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the following: **Judge Doretta L. Walker**, **Clarence F. Birkhead**, and proposed intervenor **North Carolina Administrative Office of the Courts.**

Dated:  June 29, 2026

Respectfully submitted,

*/s/ Rohit K. Singla*
Rohit K. Singla (*specially appearing*)
rohit.singla@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, California 94105-2907
(415) 512-4000

7