**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| CIVIL RIGHTS CORPS,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE DORETTA L. WALKER, in her official capacity, and SHERIFF CLARENCE F. BIRKHEAD, in his official capacity,<br><br>Defendants,<br><br>v.<br><br>NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS, on behalf of OFFICE OF GUARDIAN AD LITEM SERVICES,<br><br>Intervenor-Defendant. | Civil Action No. 1:24-cv-943 |

# JOINT RULE 26(f) REPORT

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), counsel in this case held a meeting on November 12, 2026, via videoconference. The following counsel attended:

    a. For Plaintiff Civil Rights Corps ("Plaintiff" or "CRC"): Rohit K. Singla, Christopher J. Heaney, Aditi N. Ghatlia, Michael Flynn, and Sean St. Charles;

    b. For Defendant Judge Doretta L. Walker ("Judge Walker"): Joseph Finarelli;

c. For Defendant Clarence F. Birkhead ("Sheriff Birkhead"): Hyrum J. Hemingway and Curtis Massey II; and

d. For Intervenor-Defendant the North Carolina Administrative Office of the Courts on behalf of its Office of Guardian ad Litem Services ("the GAL Program"): Kip D. Nelson, Sean T. Placey, and Nathan W. Wilson.

Judge Walker, Sheriff Birkhead, and the GAL Program are referred to collectively as "Defendants," and all of the foregoing as "the Parties." The Parties have also conferred electronically regarding the discovery plan. The Initial Pretrial Conference is scheduled for December 16, 2026, at 9:30 a.m.

2. **Discovery Plan.** The Parties jointly propose to the Court the following discovery plan. There is no dispositive motion pending.

a. **Commencement Date.** The "commencement date" of discovery will be January 4, 2027. The Parties propose this date in light of the intervening holidays and because the Parties expect ongoing discussions regarding the need for discovery of confidential documents and the entry of a protective order. The Parties will exchange initial disclosures before the commencement date, as set out below.

b. **Subjects of Discovery.** The Parties' respective positions on the subjects on which discovery will be needed are as follows:

i. **Plaintiff's Position.** Plaintiff anticipates that discovery may be needed on the following subjects, and reserves the right to seek discovery on additional or different subjects as the case develops:

(1) Documents and communications concerning the closure of A/N/D proceedings in Durham County and the enforcement of closure orders, including the exclusion of members of the public and the role of Sheriff's deputies in enforcing closures;

(2) Documents and communications concerning Defendants' policies, practices, and procedures for closing A/N/D proceedings or seeking closure, including the interests and justifications asserted for closure and the positions taken by the GAL Program regarding public access to such proceedings;

(3) Discovery targeted at Defendants' affirmative defenses.

Plaintiff also anticipates expert discovery, as appropriate.

ii. **Defendants' Position.** Defendants anticipate that discovery may be needed on the following subjects, and reserve the right to seek discovery on additional or different subjects as the case develops:

(1) Efforts of community members and other citizens in Durham County to attend juvenile abuse, neglect, and dependency hearings held in Durham County District Court;

(2) Advocacy efforts of Plaintiff to convince judicial, political and community leaders to change policies and procedures related to juvenile abuse, neglect, and dependency hearings

held in Durham County, specifically, and in North Carolina, generally;

(3) Efforts of Plaintiff and its employees and/or agents to attend juvenile abuse, neglect, and dependency hearings held in Durham County District Court;

(4) The juvenile abuse, neglect, and dependency hearings conducted in Defendant Judge Doretta Walker's courtroom (physical or virtual) on the following dates: (1) September 13, 2023; (2) September 14, 2023; (3) September 15, 2023; (4) December 14, 2023; (5) February 15, 2024; (6) March 13, 2024; (7) April 4, 2024; (8) August 5, 2024; and (9) August 6, 2024;

(5) The policies, procedures, and rules applicable to juvenile abuse, neglect, and dependency hearings held in Durham County District Court.

c. **Track.** The Parties agree that the appropriate plan for this case, with the stipulated modifications set out below, is Complex, as designated by LR 26.1(a)(2).

i. **Completion of Discovery.** The date for the completion of all discovery, general and expert, is July 2, 2027, consistent with the six (6) month discovery period provided by LR 26.1(a)(2).

ii. **Depositions.** Ten (10) depositions may be taken by Plaintiff and ten (10) depositions may be taken by Defendants collectively, exclusive of expert depositions. By stipulation, and as a modification of LR 26.1(a)(2), depositions of expert witnesses shall not count against these limits. Each deposition is limited to seven (7) hours of actual deposition time, not including breaks or other time off the record, unless extended by agreement of the Parties or by order of the Court.

iii. **Interrogatories.** Including all discrete subparts, Plaintiff may serve a total of twenty-five (25) interrogatories in the aggregate as to all Defendants; Defendants may each serve twenty (20) interrogatories to Plaintiff. Responses are due as required by the Federal Rules of Civil Procedure.

iv. **Requests for Admission.** Plaintiff may serve a total of twenty-five (25) requests for admission in the aggregate as to all Defendants; Defendants may each serve twenty (20) requests for admission to Plaintiff. Responses are due as required by the Federal Rules of Civil Procedure.

v. **Requests for Production.** There is no limit on the number of requests for production of documents that a party may serve. Responses are due as required by the Federal Rules of Civil Procedure.

vi. **Timing of Written Discovery.** All interrogatories, requests for admission, and requests for production shall be served no later than May 28, 2027, so that responses are due within the discovery period.

d. **Expert Reports.** Reports from retained experts required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period as follows: from Plaintiff by April 16, 2027; and from Defendants by May 14, 2027. Any rebuttal reports shall be served within thirty (30) days after service of the opposing party's report.

e. **Initial Disclosures.** The Parties stipulate pursuant to Fed. R. Civ. P. 26(a)(1)(C) that initial disclosures required by Rule 26(a)(1) shall be made by December 3, 2026.

f. **Electronically Stored Information.** When electronically stored information ("ESI") is responsive to a discovery request or is appropriately the subject of mandatory disclosure, the producing party will produce it in a reasonably usable, searchable form — searchable PDF where possible, and otherwise in native format or another format mutually agreeable to the Parties. The Parties will work together to determine the best format in which to produce ESI and will confer regarding production format as the need arises, but reserve the right to seek Court intervention if they cannot reach agreement.

g. **Privilege.** Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work-product protected documents, ESI, or

other information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

3. **Mediation.** This is a civil rights action and is automatically selected for a mediated settlement conference under LR 16.4(b) and LR 83.9b(a). The Parties agree that the mediated settlement conference should be conducted late in the discovery period, on a date to be set by the mediator after consultation with counsel for the Parties.

   a. **Mediator.** The Parties have not yet identified an agreed-upon mediator and will meet and confer regarding the selection of one. The Parties request that the time to identify an agreed-upon mediator under LR 83.9d(a) be extended to March 1, 2027. If the Parties are unable to select a mediator by that date, they will request that the Clerk select a mediator from the Court's panel in accordance with LR 83.9d(b).

4. **Preliminary Deposition Schedule.** The Parties have not yet set specific deposition dates. The Parties anticipate that party witnesses, fact witnesses, and any expert witnesses may be deposed. Depositions will be scheduled as mutually agreed by the Parties, and all depositions will be conducted on or before July 2, 2027. The Parties will reasonably meet and confer regarding the deposition schedule as the case progresses and will update this schedule at reasonable intervals, consistent with LR 26.1(b)(1).

5. **Amendment and Joinder.** The Parties should be allowed until April 30, 2027, to request leave to join additional parties or to amend the pleadings. After that date,

the Court will consider, among other things, whether the granting of leave would delay trial.

6. **Dispositive Motions.** Consistent with LR 56.1, any party intending to file a dispositive motion shall file a notice of intent by July 16, 2027, and all dispositive motions and supporting briefs shall be filed by August 2, 2027.

7. **Extensions of Time.** The Parties may informally grant one another extensions of time on the deadlines stated herein without seeking Court approval, except that the Parties may not agree to alter the following without Court approval: the deadline for completion of discovery; the deadlines to join additional parties and amend the pleadings; and the deadlines for dispositive motions and responses and replies thereto.

8. **Special Procedures.** The Parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c) and the appointment of a master. All Parties have not consented to referral to a Magistrate Judge.

9. **Trial Length.** Trial of this action is expected to take approximately 5 days.

10. **Jury Demand.** A jury trial has been demanded by the GAL Program. Plaintiff's position is that no right to a jury trial exists in this action, which seeks only declaratory and injunctive relief.

11. **Confidential or Sealed Documents.** The Parties discussed whether the case will involve the possibility of confidential or sealed documents. The case may involve

confidential or sealed documents, and the Parties have separately filed an LR 5.5 Report.

12. **Federal Subject Matter Jurisdiction.** The basis of federal subject matter jurisdiction is federal question, 28 U.S.C. §§ 1331 and 1343.

DATED: November 23, 2026 Respectfully submitted,

*/s/ Christopher J. Heaney*

Christopher J. Heaney
(SBN 46095)
Law Office of
Christopher J. Heaney
P.O. Box 37028
Raleigh, NC 27627

*/s/ Rohit K. Singla*

Rohit K. Singla (*specially appearing*)
rohit.singla@mto.com
Shannon Aminirad (*specially appearing*)
shannon.aminirad@mto.com
Aditi N. Ghatlia (*specially appearing*)
aditi.ghatlia@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, California 94105-2907
(415) 512-4000

Ariella H. Park (specially appearing)
Ariella.Park@mto.com
Sean St. Charles (specially appearing)
sean.stcharles@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Plaintiff*

DATED: November 23, 2026

*/s/ Kip D. Nelson*

Kip D. Nelson
N.C. Bar No. 43848
knelson@foxrothschild.com
Sean T. Placey
N.C. Bar No. 56683
splacey@foxrothschild.com
230 N. Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: (336) 378-5200

Nathan W. Wilson
N.C. Bar No. 58248
nwilson@foxrothschild.com
434 Fayetteville Street, Suite 2800
Post Office Box 27525 (27611)
Raleigh, NC 27601
Telephone (919 755-8700

*Attorneys for Intervenor-Defendant*

DATED: November 23, 2026

JEFF JACKSON
Attorney General

*/s/ Joseph Finarelli*

Joseph Finarelli
Special Deputy Attorney General
N.C. Bar No. 26712
N.C. Department of Justice
P.O. Box 629
Raliegh, NC 27602-0629
Telephone: (919) 716-6531
Facsimile: (919) 716-6755
E-mail: jfinarelli@ncdoj.gov

*Attorney for Defendant Walker*

DATED: November 23, 2026

*/s/ Curtis Massey*

Curtis Massey
N.C. State Bar No. 23627
Deputy County Attorney
Office of the County Attorney
200 East Main Street, 4th Floor
Durham, NC 27701
Telephone: 919-560-0655
Email: curtmassey@dconc.gov

*/s/ Hyrum K. Hemingway*

Hyrum K. Hemingway
Bar No. 57691
Assistant County Attorney
200 East Main Street
Durham, NC 27701
Telephone: 919-560-9921
E-mail: hhemingway@dconc.gov

*Attorneys for Defendant Birkhead*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users.

Date: November 23, 2026

*/s/ Rohit K. Singla*

Rohit K. Singla (*specially appearing*)
rohit.singla@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, California 94105-2907
(415) 512-4000